UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RON LANTZ, DENNIS GRIBBINS, RICHARD ALLEN and CLARENCE ALVORD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>Defendant. | Case No. 06 cv 5932<br><br>Magistrate Judge Nan R. Nolan |

## DEFENDANT'S MOTION TO STAY DISCOVERY PENDING COURT'S RULING ON MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

Defendant American Honda Motor Co., Inc. ("Honda") has moved pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) to dismiss Plaintiffs' Class Action Complaint ("Complaint") in its entirety. Because Honda's motion is dispositive and a ruling for Honda would end this case, Honda respectfully requests that the Court stay the parties' respective discovery obligations pending the Court's consideration of the motion. In support of its request, Honda states as follows:

1. In its motion to dismiss, Honda attacks the legal sufficiency of all of plaintiffs' claims and argues that the Complaint should be dismissed in its entirety. Honda argues that: (1) Counts I-VI should be dismissed because plaintiffs, who are residents of Florida and Illinois, cannot bring claims under California law; and (2) the alternative counts brought under the laws of all states other than Florida and Illinois should be dismissed for lack of standing because no plaintiff alleges any facts connecting his claims to any state other than his

state of residence (either Florida or Illinois). Honda also attacks each of plaintiffs' claims under Illinois and Florida law.[1] Honda's motion is dispositive – Honda seeks dismissal of all of plaintiffs' claims.

2. It is axiomatic that the Court has broad discretion over all discovery matters, including establishing discovery schedules and providing for stays of discovery. *See Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 813 (7th Cir. 2006) ("It is well-settled that district courts enjoy broad discretion in controlling discovery."); *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, No. 03 C 7713, 2006 WL 1554529, * 2 (N.D. Ill. June 1, 2006) (quoting *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed.Cir.1998)) ("'a specific judicial directive for the timing of discovery establishes the procedures to which the parties are bound'"); *Orlando Residence, Ltd. v. GP Credit Co., LLC*, Slip Copy, No. 04-C-439, 2006 WL 2849866, *7 (E.D. Wis. Sept. 29, 2006) (quoting *Gettings, supra*); *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 123-24 (S.D. Ind. 1991) ("A federal district court may make whatever order about sequence and timing of discovery the necessities of a case require."). Among the factors to be considered are judicial economy and preserving the resources of litigants. *Orlando Residence, Ltd.*, 2006 WL 2849866, at *7

---

[1] Specifically, (1) plaintiffs' claims alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Florida Deceptive and Unfair Trade Practices Act should be dismissed because plaintiffs fail to satisfy Rule 9(b) and the claim under the Illinois Consumer Fraud and Deceptive Business Practices Act is also barred by the applicable statute of limitations; (2) the implied warranty claims under Illinois and Florida law should be dismissed because no claim for implied warranty exists where, as here, there is no privity between the plaintiffs and the defendant; (3) the express and implied warranty claims under Illinois law, as well as Plaintiff Lantz's express and implied warranty claims under Florida law, are barred by the statute of limitations; (4) the express warranty claims asserted by Plaintiffs Allen and Alvord under Florida law should be dismissed because the claims are outside the scope of the warranty; and (5) all plaintiffs' claims for unjust enrichment are barred under Illinois and Florida law because Plaintiffs have an adequate remedy at law.

(granting a motion to stay discovery pending a summary judgment ruling and noting "discovery is time-consuming and costly to the parties."). *See also Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993); *Cataldo v. City of Chicago*, No. 01 C 6665, 2002 WL 91903, *2 (N.D. Ill. Jan. 24, 2002) (granting motion to stay discovery pending a motion to dismiss because requiring defendant to respond to document requests given possibility that case could be dismissed would not be an efficient use of defendant's resources). Accordingly, Courts frequently stay discovery in cases – such as this one – where a dispositive motion addresses the legal sufficiency of the claims asserted. *See id; see also Triad Assocs., Inc. v. Chicago Hous. Auth.*, No. 87 C 5096, 1991 WL 140141, *1 (N.D. Ill. July 24, 1991). The purpose of such a stay is "to avoid the costs of discovery related to legally deficient claims." *Id.*

3. In this case, because Honda's motion is dispositive and attacks the legal sufficiency of each of plaintiffs' claims, a stay of discovery pending the Court's ruling on the motion is appropriate. *See id; Sprague v. Brook*, 149 F.R.D. at 57. Plaintiffs have already served Honda with forty-six document requests (not including sub-categories), which request, *inter alia*, documents related to Honda's organizational structure; the design, engineering, manufacturing, assembly, testing, advertising, marketing, and sale of Gold Wing motorcycles; industry standards; the profits Honda has made from sales of Gold Wing motorcycles; and internal communications as well as communications with the government, motorcycle owners, and motorcycle dealers related to Gold Wing motorcycles. Unquestionably, responding to such requests will be extremely burdensome, and requiring Honda to do so before the Court determines that Plaintiffs have any legally cognizable claim would be unfair. *See Cataldo*, 2002 WL 91903, *2; *Sprague*, 149 F.R.D. at 578 (discovery cannot be justified pending a ruling on defendant's motion to dismiss where a ruling on the motion might dispose of the case in its

entirety); *Chicago Bd. Options Exch.*, 95 F.R.D. 524, 525 (N.D. Ill. 1982) (finding no justification for subjecting defendant to discovery pending court's ruling on sufficiency of complaint and noting that "[p]laintiffs' allegations either do or do not state a cause of action, and discovery does not seem to bear on that determination at all").

4. Moreover, even if the Court were to dismiss only some of plaintiffs' claims, the Court's ruling would likely provide guidance on the scope of discovery as the case goes forward. This is especially true in light of plaintiffs' novel attempt to use citizens of Illinois and Florida to bring California statutory claims – as well claims under the laws of all 49 other states. Honda fully expects the Court to reject such efforts, and the Court's opinion in this regard could significantly narrow the issues in this litigation and therefore impact the discovery that both parties can take as the case proceeds.

5. Finally, Plaintiffs would not be prejudiced by a discovery stay pending a decision on Honda's motion. Plaintiffs seek no immediate injunctive relief, and there is no allegation in the Complaint indicating that time is of the essence in the prosecution of this litigation. While plaintiffs suggest there is a safety issue in connection with the alleged wobble, plaintiffs do not allege that a single person has been injured by reason of this claimed defect, even though plaintiffs claim it to be well known by users and the subject of on-line discussion in internet chat rooms. In fact, the Complaint before this Court represents *the third* attempt by plaintiffs to bring this claim against Honda. Twice before (in July and September 2006)

Plaintiffs attempted to sue Honda under their "low-speed wobble" theory in California and then subsequently withdrew their claims.[2]

6. In accordance with Fed. R. Civ. P. 26(c) and Local Rule 37.2, Honda's counsel has conferred in good faith with plaintiffs' counsel in an effort to reach an agreement regarding the stay of discovery pending a ruling on Honda's motion to dismiss. As set forth in their differing positions in the December 28, 2006 joint status report and as was confirmed via teleconference between Honda's counsel Michael Andolina and plaintiffs' counsel Elizabeth Fegan on January 8, 2006, the parties have failed to reach an agreement on this issue.

7. In conclusion, a stay of discovery is warranted in this case and would preserve the resources of both the parties and the Court. Honda's pending motion to dismiss is dispositive, and the Court's ruling on the motion could be potentially end this litigation, or at least narrow the case.

---

[2] *See* Complaint, *Gribbins v. American Honda Motor Co., Inc.*, No. 06- 04601 (C.D. Cal. July 24, 2006); First Amended Complaint, *Gribbins v. American Honda Motor Co., Inc.*, No. 06- 04601 (C.D. Cal. September 13, 2006).

WHEREFORE, Defendant American Honda Motor Co., Inc. requests that the Court stay the parties' discovery obligations pending a decision on its motion to dismiss Plaintiffs' Class Action Complaint.

          Respectfully submitted,

          By: <u>Charlene M. Yaneza</u>
              One of the Attorneys for Defendant
              AMERICAN HONDA MOTOR CO., INC.

David B. Johnson
Michael C. Andolina
Charlene M. Yaneza
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: January 8, 2007

## CERTIFICATE OF SERVICE

Charlene M. Yaneza, an attorney, hereby certifies that she caused copies of the foregoing **DEFENDANT'S MOTION TO STAY DISCOVERY PENDING COURT'S RULING ON MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** to be served on the counsel listed below electronically through the Court's CM/ECF system on January 8, 2007:

>Elizabeth A. Fegan
>beth@hbsslaw.com
>
>Timothy Patrick Mahoney
>timm@hbsslaw.com
>
>Daniel J. Kurowski
>dank@hbsslaw.com
>
>Steve W. Berman
>steve@hbsslaw.com

>/s/Charlene M. Yaneza

CH1 3704931v.1