**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RON LANTZ, DENNIS GRIBBINS, RICHARD ALLEN and CLARENCE ALVORD,** individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | No. 06 C 5932 |
| **AMERICAN HONDA MOTOR COMPANY, INC.,** | ) ) ) | Judge Nan R. Nolan |
| **Defendant.** | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ron Lantz, Dennis Gribbins, Richard Allen, and Clarence Alvord, together with intervening Plaintiffs Clifford Harrelson, Lon Hebert, John Tilly, DeWayne Rector, Henry Seppi and Kevin Garthe, are pursuing a class action complaint against Defendant American Honda Motor Company, Inc. ("Honda"), alleging a variety of state law claims arising from Honda's deceptive and unlawful conduct in designing, manufacturing, marketing, distributing, selling, servicing and/or failing to service, GL1800 Gold Wing Motorcycles.[1] In the original complaint, Plaintiffs Lantz, Gribbins, Allen, and Alvord sought to recover under a variety of California state laws, including the California Business and Professions Code, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (Count I) and §§ 17500 *et seq.* (Count II); the California Civil Code, Cal. Civ. Code §§ 1750 *et seq.* (Count III); the California Commercial Code, Cal. Comm. Code §§ 2313 and 2314 (Counts IV and V); and California's common law of unjust enrichment. Plaintiffs also alleged four alternative counts asserting violations of the laws of the District of Columbia and every state except California. Specifically, Alternate Count I alleged violation of state consumer protection laws; Alternate Counts

---

[1] The parties agree that the court has diversity jurisdiction over this case under 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005, and all parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

II and III alleged breach of state express and implied warranties, respectively; and Alternate Count IV alleged claims for common law unjust enrichment.

On May 14, 2007, the court dismissed all of the California state law counts on conflicts grounds. *Lantz v. American Honda Motor Co.*, No. 06 C 5932, 2007 WL 1424614, at *4-5 (N.D. Ill. May 14, 2007). The court also held that Plaintiffs Lantz, Gribbins, Allen, and Alvord could only assert claims under the laws of Illinois and Florida, the two states in which they all reside. *Id.* at *6. In a subsequent opinion, the court clarified that this finding was not intended as an anticipatory bar or limitation on class certification or representation. *Lantz v. American Honda Motor Co.*, No. 06 C 5932, 2007 WL 2875239, at *1 (N.D. Ill. Sept. 27, 2007). Rather, Plaintiffs did not have standing to sue for damages they themselves purportedly suffered under the laws of states in which they do not reside, as alleged in the complaint.

The court next (1) dismissed Plaintiffs' claims under the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act, Fl. Stat. §§ 501.201 *et seq.*, for failure to plead fraud with particularity; (2) found Mr. Gribbins' breach of express and implied warranty claims untimely; and (3) dismissed the remaining breach of implied warranty claims for lack of privity between Plaintiffs and Honda. *Lantz*, 2007 WL 1424614, at *8-11. Finally, the court dismissed Plaintiffs' unjust enrichment claims because Mr. Gribbins had an adequate remedy at law, and Mr. Lantz, Mr. Allen, and Mr. Alvord failed to allege that they lacked an express warranty precluding such claims. *Id.* at *12.

On November 20, 2007, Plaintiffs filed a Second Amended Class Action Complaint adding Clifford Harrelson, Lon Hebert, John Tilly, DeWayne Rector, Henry Seppi and Kevin Garthe as named Plaintiffs, and reasserting Counts I through V to preserve those claims for appeal. Plaintiffs also seek to create four alternative classes of Gold Wing purchasers. The first is a nationwide class that is subject to either California law or the laws of all other states ("Class I"). (AC ¶ 73(a).) The second class ("Class II") includes all persons who purchased GL1800 motorcycles in states that

do not require privity of contract in order to recover for breach of implied warranty. (*Id.* ¶ 73(b).) Class III is comprised of all Gold Wing GL1800 purchasers who live in the states where Plaintiffs reside: Delaware, Florida, Illinois, Indiana, Kansas, Louisiana, and Texas. (*Id.* ¶ 73(c).) The fourth class includes only Mr. Hebert, Mr. Tilly, Mr. Rector, and Mr. Seppi, on behalf of Gold Wing GL1800 purchasers who live in their states of residence (i.e., Delaware, Indiana, Louisiana, and Texas). (*Id.* ¶ 73(d).)

Alternative Count I is asserted on behalf of Class I, and alleges breach of express warranty under the laws of the District of Columbia and all states except California. Alternative Count II, asserted on behalf of Class II, alleges breach of state implied warranties in all states not requiring privity of contract.[2] Alternative Count III is asserted on behalf of Class III, and alleges breach of state express warranties in the states where Plaintiffs and Intervenors reside. Alternative Count IV, asserted on behalf of Class IV, alleges breach of state implied warranties on behalf of purchasers who reside in Delaware, Indiana, Louisiana, and Texas.

Honda once again moves to dismiss several of Plaintiffs' claims. For the reasons set forth here, the motion is granted in part and denied in part.

## **DISCUSSION**[3]

The purpose of a motion to dismiss is to test the sufficiency of plaintiffs' complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A motion to dismiss will be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

---

[2] The court discusses *infra* some discrepancies between the states contained within the definition of Class II and the states identified in the corresponding Alternative Count II.

[3] The background facts of this case as alleged in the original and amended complaints are set forth in detail in the court's May 14 and September 27, 2007 opinions. *Lantz*, 2007 WL 1424614, at *1-3, and *Lantz*, 2007 WL 2875239, at *2-3. This opinion assumes the reader's familiarity with those earlier decisions.

In reviewing a motion to dismiss for failure to state a claim, the court accepts as true all factual allegations in the plaintiffs' complaint and draws all reasonable inferences in their favor. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 770 (7th Cir. 2002).

Honda moves to dismiss Counts I through V of the amended complaint as improper and unnecessary pleadings. Honda also argues that Plaintiffs cannot assert claims under the laws of any states in which they do not reside, and that Mr. Gribbins' express and implied warranty claims remain time-barred. The court addresses each argument in turn.

**A.     Counts I-V**

In its May 14, 2007 opinion, the court dismissed the claims asserted under California law (Counts I through V) on conflicts grounds. Specifically, the court noted that "Plaintiffs purchased and used their Gold Wing motorcycles in Florida and Illinois, the states in which they reside"; "[a]ny alleged fraud made in connection with the purchases occurred at the points of purchase in those two states"; "Plaintiffs received and acted on the representations in Florida and Illinois, and that is where the parties' relationships are centered"; and "Plaintiffs negotiated and contracted to buy the motorcycles in Florida and Illinois, and that is where delivery occurred and where the motorcycles are located." *Lantz*, 2007 WL 1424614, at *4-5. Six additional Plaintiffs have now intervened in this case, but none of them resides in California; bought a motorcycle in California; received or acted on alleged misrepresentations in California; negotiated or contracted to buy a motorcycle in California; or took delivery in that state.

Plaintiffs purport to reallege Counts I through V in order to "preserve these counts for review on appeal." (AC n. 4.) This is unnecessary. "[T]he Seventh Circuit has made clear, time and again, that a litigant need not replead dismissed claims to preserve them for appeal." *Gavin v. AT & T Corp.*, No. 01 C 2721, 2003 WL 22849128, at *4 (N.D. Ill. Dec. 1, 2003). As the court explained, "[i]t is not waiver - it is prudence and economy - for parties not to reassert a position that the trial judge has rejected. Had the plaintiffs repleaded their [dismissed claim], the judge would

4

have dismissed the charge, not only with prejudice, but with annoyance." *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 683 (7th Cir. 1990). *See also In re Fleming Packaging Corp.*, 351 B.R. 626, 639 (Bankr. C.D. Ill. 2006) ("[I]t is not necessary to replead a dismissed claim in order to preserve the right to appeal the dismissal.") To clarify and simplify the issues before the court, Plaintiffs are instructed to file an amended complaint without the five California law claims. The amendment is, of course, without prejudice to a later appeal.

**B.    State Laws**

Honda also seeks dismissal of all claims arising under the laws of any states in which Plaintiffs do not reside. In support of this position, Honda notes this court's earlier finding that Plaintiffs lacked standing to pursue such claims given the allegations set forth in the original complaint. *Lantz*, 2007 WL 1424614, at *6. In the September 27, 2007 opinion, however, the court clarified that it had interpreted Honda's motion to dismiss as challenging Plaintiffs' standing to sue under the various statutes in their own rights. The court did not intend to anticipatorily bar or limit class certification or representation issues prior to the class certification stage of the proceedings. *Lantz*, 2007 WL 2875239, at *1. *See also Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) ("[U]ntil certification, the jurisdiction of the district court depends upon its having jurisdiction over the claim of the named plaintiffs when the suit is filed and continuously thereafter until certification.")

In that regard, *Potts v. United Parcel Serv., Inc.*, No. 06 C 4766, 2007 WL 551555 (N.D. Ill. Feb. 15, 2007), is instructive. The plaintiff in *Potts* asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/4a(1), and 24 other state wage laws. *Id.* at *1. The defendant argued that the plaintiff did not have standing to sue under the laws of states in which she was never employed, but the court disagreed. *Id.* at *3. The court noted that the plaintiff clearly had standing to sue under the Illinois state law claims, and explained that it was possible that "some or all of the other state laws are identical to that of Illinois,

5

thus presenting common questions of law." *Id.* In the court's view, "[t]he determination of whether [the plaintiff's] class action should include similarly situated individuals in other states based on those state laws is better left for the class-certification phase of this action." *Id.*

In this case, similarly, Plaintiffs (with the exception of Mr. Gribbins, as discussed below) have standing to sue under the warranty statutes in their respective states. Whether Plaintiffs' class action should include similarly situated individuals in the other named states based on those state laws is better left for the class certification stage. Honda's motion to dismiss claims alleged under the laws of states other than those in which Plaintiffs reside is denied.

Before leaving this issue, the court notes that there is a discrepancy between the states contained within the definition of Class II and the states identified in the corresponding Alternative Count II, which is asserted solely on behalf of Class II. (AC ¶ 129.) Class II purports to include Kentucky, New York, Tennessee and Washington, but none of these states is included in the paragraphs setting forth Alternative Count II. In addition, Alternative Count II lists several states – Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri and Ohio – that are not included within the definition of Class II. (*See* AC ¶ 73(b), 136.) Plaintiffs are ordered to clarify the states included within Class II and Alternative Count II.

**C.     Mr. Gribbins' Warranty Claims**

In Alternative Counts I and III, Plaintiffs seek to recover for breach of express and implied warranties on behalf of a class of purchasers that, by definition, includes Mr. Gribbins. (*See* AC ¶ 73(a) (asserting a claim on behalf of a nationwide class), and ¶ 73(c) (asserting a claim on behalf of Illinois residents). In the May 14, 2007 opinion, the court dismissed Mr. Gribbins' warranty claims as time-barred. Specifically, the court noted that the limitations period for a breach of warranty action in Illinois is four years from the date of breach, and that a breach occurs when "tender of delivery is made" or "when the breach is or should have been discovered." *Lantz*, 2007 WL

1424614, at *10. Mr. Gribbins discovered the Gold Wing's wobble on July 27, 2002, more than four years before he filed suit on November 1, 2006. (AC ¶ 34.)

The only new allegation in the complaint is that Mr. Gribbins "provided Defendant American Honda with several attempts to repair the problem after he first discovered it, but Honda repeatedly refused to repair the motorcycle." (*Id.* ¶ 38.) This statement does nothing to change the fact that Mr. Gribbins' claims are time-barred, nor does it establish any basis for equitable estoppel. *See Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1011 (N.D. Ill. 1998) (Illinois doctrine of equitable estoppel can toll the running of the statute of limitations, but only where the defendant took "active steps to prevent the plaintiff from suing in time, . . . such as by hiding evidence or promising not to plead the statute of limitations.")

The court again confirms that Mr. Gribbins cannot recover for breach of warranty in this case. Whether he nonetheless should remain a named Plaintiff and/or serve as a class representative is an issue to be addressed at the class certification stage. *See Burns v. First American Bank*, No. 04 C 7682, 2006 WL 3754820, at *4 (N.D. Ill. Dec. 19, 2006) ("[A] class representative who lacks standing to pursue the class claims will not satisfy the typicality and adequacy prongs of Rule 23(a)."); *Terkel v. AT & T Corp.*, 441 F. Supp. 2d 899, 920 (N.D. Ill. 2006) ("It is clear that the named plaintiffs in a class action must establish standing individually to serve as class representatives.")

## **CONCLUSION**

For the reasons stated above, Honda's motion to dismiss [Doc. 65] is granted in part and denied in part. Plaintiffs will file an amended complaint consistent with this opinion by February 25, 2008.

ENTER:

Dated: January 17, 2008

*/s/ Nan R. Nolan*

NAN R. NOLAN
United States Magistrate Judge